[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (#104, #107, #114)
The court granted the defendants' motions to dismiss this matter on CT Page 5741-bx January 29, 2001, on the basis of the plaintiff's failure to exhaust its administrative remedies, and the plaintiff's lack of standing. In its memorandum of decision, this court stated: "Oral argument on the motion was heard on November 6, 2000, at which time the court granted the plaintiff's motion to file a rebuttal to the reply of the NLDC, with the condition that the rebuttal be filed by November 14, 2000. As of the time of this memorandum of decision, no rebuttal had been filed by the plaintiff." The plaintiff had in fact filed a rebuttal brief on November 14, 2000, which was mistakenly not placed in the court's file. After the error was called to the court's attention, the court granted the plaintiff's motion to reargue, and heard oral argument regarding the effect of the rebuttal brief.
The defendants argue that the rebuttal brief does not raise any issues not previously addressed by the court, and that the court should simply amend the previous memorandum of decision to indicate that the rebuttal brief was filed. The plaintiff, on the other hand, urges the court to conduct a broad reconsideration of the motions to dismiss. The court will address the arguments raised in the plaintiff's rebuttal brief to the extent that they were not explicitly addressed in the court's previous memorandum of decision.
In its previous memorandum of law in opposition to the motions to dismiss, the plaintiff argued that it has representational standing because it is an organization whose members are statutorily aggrieved under General Statutes § 22a-16. The court concluded that the plaintiff lacked standing because "the plaintiff has not set forth any facts in its complaint that could support an inference that unreasonable pollution, impairment or destruction of a natural resource has resulted or probably will result from the defendants' activities." The court did not address whether the plaintiff had representational standing based on its members' classical aggrievement because the plaintiff stated in its original memorandum of law that the "[p]laintiffs do not claim classical aggrievement." The use of the plural "plaintiffs" led the court to believe that the plaintiff conceded that its members were not classically aggrieved. Furthermore, nowhere in the its original memorandum did the plaintiff explicitly argue that individual members of the plaintiff were classically aggrieved. Nevertheless, the plaintiff argues in its rebuttal brief that it has representational standing based on its individual members' classical aggrievement. The court will therefore address the issue at this time.
The plaintiff argues that it has standing by virtue of the fact that its members are homeowners injured by the defendants' conduct. "[T]he CT Page 5741-by federal test for representational standing . . . was articulated in Huntv. Washington State Apple Advertising Commission, 432 U.S. 333, 343,97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). We have adopted that test as a matter of Connecticut law. . . . Under that test, [a]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." (Citation omitted; internal quotation marks omitted.) Connecticut Associated Builders Contractors v. Hartford, 251 Conn. 169, 185, 740 A.2d 813 (1999). In order for the plaintiff to have standing in the present case, therefore, it must establish that at least one of the plaintiff's members would have standing to sue in his or her own right. See State Medical Society v.Board of Examiners in Podiatry, 203 Conn. 295, 304-305, 524 A.2d 636
(1987).
"To establish standing to raise an issue for adjudication, a complainant must make a colorable claim of direct injury. . . . Standing is . . . a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury [that the complainant] has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citation omitted; internal quotation marks omitted.) Connecticut Associated Builders Contractors v.Hartford, supra, 251 Conn. 178.
In the present case, the complaint contains no allegations of injury whatsoever. The plaintiff argues that standing is established by the plaintiff's allegation that it "is comprised of present and potential members that are residents, homeowners and/or taxpayers who reside in the City of New London, County of New London, State of Connecticut within, adjacent to and/or affected by the MDP. . . ." This allegation does not satisfy the standing requirement. The plaintiff has not alleged an injury to any particular member. In fact, the complaint contains no allegations whatsoever regarding how any particular person has been affected by the defendants' actions. Furthermore, in order to show standing, a plaintiff must allege an injury, not merely that it has been affected by the defendant's actions. CT Page 5741-bz
The plaintiff further argues in its rebuttal brief that it has standing because it has "alleged that due process violations and damages occurred when the defendants threatened to take properties by eminent domain owned by present and potential members of the Fort Trumbull Conservancy, LLC." While the complaint does contain allegations of due process violations, there is nothing in the complaint linking those alleged violations to an injury to any member of the plaintiff LLC. The plaintiff's argument is without merit.
Finally, the court feels compelled to emphasize again that the burden is on the plaintiff to demonstrate that it has standing to prosecute this action. The plaintiff's rebuttal brief states that "the defendants failed to produce any evidence of the present membership of the LLC to support their inaccurate interpretations of plaintiff's complaint." Our Supreme Court has stated that "[t]he plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v.Golenbock, 238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996). The plaintiff's assertion that the defendants have the burden of proving that the plaintiff's members are not aggrieved has no legal basis. It is the plaintiff that has failed to carry its burden of demonstrating aggrievement.
For these reasons, and the reasons set forth in the court's January 29, 2001 memorandum of decision, the court concludes that it lacks subject matter jurisdiction and that the motions to dismiss must be granted.
D. Michael Hurley, Judge Trial Referee